IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

        **Plaintiff,**

v.                                               **Cause No. 1:20-cv-01207-GBW/JHR**

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        **Defendants.**

**THE BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S SEALED MOTION TO APPEAR
PSEUDONYMOUSLY**

**COME NOW** Defendants the Board of Regents of the University of New Mexico ("the Board"), by and through their counsel of record Hinkle Shanor LLP (Stephen S. Shanor and Chelsea R. Green) and hereby file their Response in Opposition to Plaintiff's Sealed Motion to Appear Pseudonymously. As grounds in support of the Response, the Board would show the Court as follows:

I.       **INTRODUCTION**

Plaintiff's *Motion to Appear Pseudonymously* [Doc. 7] should be denied because Plaintiff has failed to show exceptional circumstances exist as required under Tenth Circuit law to proceed with this case under a pseudonym. Instead, Plaintiff asks the Court to rely on out-of-circuit cases, which are not only not binding but also are distinguishable. At this stage, Plaintiff asks the Court to make its determination on the unverified allegations in *Plaintiff's Complaint and Demand for Jury Trial* ("Complaint") [Doc. 1] and submits no supporting evidence for her request. Yet, even the allegations in Plaintiff's *Complaint* do not demonstrate this is an exceptional case involving matters of a highly sensitive and personal nature (that is, not any more than other cases of this

nature), real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. In addition, the public interest outweighs Plaintiff's alleged private interest, particularly where the normal mechanisms of maintaining confidentiality or privacy in litigation are available, such as a protective order. Therefore, Plaintiff should be required to amend her *Complaint* to reveal her identity as the real party in interest.

## II.     ARGUMENTS AND AUTHORITIES

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246–47 (10th Cir. 2000) (*quoting M.M. v. Zavaras,* 139 F.3d 798, 800 (10th Cir.1998)). The Tenth Circuit Court of Appeals has allowed such a practice "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (*quoting Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).  This is because "the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed.R.Civ.P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id*. (*quoting* Fed.R.Civ.P. 17(a)). Furthermore, lawsuits are notoriously public proceedings. *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.*

"The risk that a plaintiff may suffer some embarrassment is not enough." *Femedeer*, 227 F.3d at 1246 (*quoting Frank,* 951 F.2d at 324). In making the determination, "it is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (*citing Zavaras,* 139 F.3d at 802–03). In a case where the plaintiff's claim for relief

is against a public entity for public funds, "the public certainly has a valid interest in knowing how state revenues are spent." *Zavaras*, 139 F.3d at 803.

Requests to proceed in a lawsuit under a pseudonym have been overwhelmingly denied in the cases addressing the issue in this Circuit. *See Zavaras*, 139 F.3d at 803; *Femedeer*, 227 F.3d at 1246-47; *Phillips v. Austin Police Dep't*, 828 F. App'x 508, 510 (10th Cir. 2020); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811–12 (10th Cir. 2006); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005); *Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 418 (10th Cir. 1982); *Doe v. Regents of Univ. of New Mexico*, No. CV 98-725 SC/DJS, 1999 WL 35809691, at *2 (D.N.M. Mar. 10, 1999); *Allen v. Nancy Baer Trucking, Inc.*, No. CV 04-19 LFG/WDS, 2005 WL 8163681, at *1 (D.N.M. Sept. 7, 2005) (denying plaintiff's request to seal case records after trial where evidence relating to her independent medical evaluation was use and relying on the reasoning of *Zavaras* and *Femedeer*); *Guadalupe M. v. City of Albuquerque, New Mexico*, No. CIV 98-0360 JC/DJS, 1998 WL 36030328, at *1 (D.N.M. Sept. 14, 1998); *H.A. v. Blue Valley Unified Sch. Dist. 229*, No. 20-2559-JAR, 2020 WL 6559425, at *3 (D. Kan. Nov. 9, 2020); *Goico v. Kansas*, No. 19-01055-JTM-GEB, 2019 WL 2073925, at *3 (D. Kan. May 10, 2019), *aff'd*, 773 F. App'x 1038 (10th Cir. 2019); *KC Fabrick v. Acumen Assessments, LLC*, No. 19-2136-DDC, 2019 WL 3302305, at *2 (D. Kan. July 23, 2019); *C.S. v. EmberHope, Inc.*, No. 19-2612-KHV, 2019 WL 6727102, at *3 (D. Kan. Dec. 11, 2019); *Doe v. Atchison Hosp. Ass'n*, No. 17-2664-JAR, 2018 WL 324259, at *3 (D. Kan. Jan. 8, 2018); *Patton v. Entercom Kansas City, LLC*, No. CIV.A. 13-2186-KHV, 2013 WL 3524157, at *3 (D. Kan. July 11, 2013); *Doe 1 v. Unified Sch. Dist. 331*, No. CIV.A. 11-1351-KHV, 2013 WL 1624823, at *2 (D. Kan. Apr. 15, 2013);  *Doe v. Berkshire Life Ins. Co. of Am.*, No. 20-CV-01033-PAB-NRN, 2020 WL 3429152, at *3 (D. Colo. June 23, 2020); *Roe v. Heil*, No. 11-CV-01983-WJM-KLM,

2011 WL 3924962, at *4 (D. Colo. Sept. 7, 2011); *Doe v. F.B.I.*, 218 F.R.D. 256, 260 (D. Colo. 2003); *Day v. Sebelius*, 227 F.R.D. 668, 680 (D. Kan. 2005); *but see Doe 167 v. Sisters of Saint Francis of Colorado Springs*, No. 1:20-CV-00907-WJ-LF, 2021 WL 664006, at *4 (D.N.M. Feb. 19, 2021).

The case of *Doe v. Regents of Univ. of New Mexico* is persuasive and relies on the Tenth Circuit case law set forth above. 1999 WL 35809691. In that case, the plaintiff sued the University of New Mexico ("UNM") Board of Regents and the UNM School of Medicine for an alleged violation of the Americans with Disabilities Act ("ADA") after she was dismissed from medical school for behavioral problems, claiming that she suffered from clinical depression and the school failed to accommodate her disability. *Id*. at *1. The plaintiff filed the lawsuit under the fictious name of "Jane Doe," and the defendants sought dismissal of the lawsuit because the plaintiff failed to identify her real name in the complaint. *Id*.

The plaintiff claimed, as does the Plaintiff here, that her case involved "sensitive issues" and she feared public ridicule or perceived social stigma as a result of suffering from clinical depression. *Id*. at *2. Relying on *Zavaras*, the United States District Court for the District of New Mexico disagreed:

> Plaintiff has, however, made no exceptional showing of the need for privacy in this case. She is seeking damages for alleged violations of federal laws that protect persons with disabilities. She also seeks reinstatement as a medical student at a publicly-supported medical school. Unlike a case challenging the constitutionality of a statute or practice in which the issue to be decided does not depend on the characteristics of the particular plaintiff, here the issues will include whether this Plaintiff was expelled from school because of her disability and the school's alleged failure to accommodate her, or for some other legitimate reason such as her qualifications or performance. In such a case, despite the potentially embarrassing effect on the plaintiff, it is necessarily harder to outweigh the public interest in disclosure of the plaintiff's name. I find that the public interest in openness outweighs whatever privacy interest Plaintiff has in not disclosing her name to public view.

Accordingly, the Court held the case would be dismissed if the plaintiff did not identify herself by her real name. *Id*.

Notably, Plaintiff only cites one case from the Tenth Circuit and then appears to dismiss the applicability of the analysis used by this Circuit, arguing that a multi-factor test used by other Circuits should be used in this case. *See* [Doc. 7, p 2]. Yet, the cases relied on by Plaintiff only demonstrate that the analysis differs among circuits as to this issue. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (gleaning five factors from "the relatively few cases . . . that have wrestled with the problem."); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (applying a four-factor test); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (stating "[w]e advance no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."); *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (stating "[t]o proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity."); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (applying a five factor test). Even in the main case relied on by Plaintiff throughout her *Motion* of *Doe v. Purdue University*, 321 F.R.D. 339, 341 (N.D. Indiana 2017), the federal district court noted that the Seventh Circuit had not articulated a test or elements for determining when exceptional circumstances exist to allow the plaintiff to proceed under a pseudonym and then relied on another federal district court's application of several factors[1].

---

[1] This case is also distinguishable because it involved a student alleging his due process rights and Title IX were violated when Purdue University suspended him based on alleged false accusations of another student.

---

In any event, this Court need not look to other jurisdictions when there is already a standard set forth by the Tenth Circuit and plenty of case law within this Circuit applying it. Applying that analysis, Plaintiff has not shown how this case is an "exceptional case" involving matters of highly sensitive and personal nature any more so than the typical case involving Title IX or claims of sexual harassment or discrimination.  Plaintiff also has not shown any "real danger of physical harm" and has not made any allegations in the *Complaint* that her former professor physically harmed her or would harm her now. Instead, Plaintiff's allegations indicate the sexual relationship was consensual. Plaintiff further has not shown that the injury litigated against would be incurred as a result of the disclosure of her identity. Although Plaintiff claims that she has a general fear of retaliation by Defendant [Doc. 7, p. 4], Plaintiff does not articulate any actual retaliation that may occur, especially considering she is no longer a student at UNM.

In addition, the public interest in openness outweighs whatever privacy interest Plaintiff has in not disclosing her name to public view. Her lawsuit is brought against a public university seeking damages. If the case is settled or a jury verdict is awarded, any monies paid to Plaintiff will come from the public coffers, for which the public has an interest in. *See Zavaras*, 139 F.3d 798 ("Plaintiff's claim to relief clearly involves the use of public funds, and the public certainly has a valid interest in know how state revenues are spent."). Furthermore, Plaintiff admits that she is known to Defendant [Doc. 7, p.1] and multiple staff members who would likely need to be deposed. She alleges that "faculty and students at the University of New Mexico were aware of the close, personal relationship between" her and the professor.  *See* [Doc. 1, ¶ 36]. Therefore, her identity has not been confidential, and she should not be allowed to proceed under a pseudonym. *See Zavaras*, 139 F.3d 798 (stating "[w]hile Plaintiff claims that her inability to proceed under a pseudonym might subject her to humiliation, embarrassment and to possible intimidation and

retaliation by staff members of the institution where she is detained, it is readily apparent, as the district court found, that in fact the plaintiff's identity is already known to the state agency and staff.") (internal quotations and citation omitted).

As another justification for her request to use a pseudonym, Plaintiff claims that she told her professor about her divorce and discovery would develop about the details of the divorce. This does not justify Plaintiff proceeding anonymously for a few reasons. First, Plaintiff does not allege that her professor coerced details of the divorce from her; rather, it appears that she voluntarily disclosed those details. *See* [Doc. 7, ¶ 23]. Second, Plaintiff alleges that "[t]he divorce proceedings were drawn-out and acrimonious, and included difficult litigation regarding the custody of Plaintiff's children." *See id.* at ¶ 22.  Presumably, the divorce is a matter of public record, was not sealed and Plaintiff did not proceed under a fictitious name.  Therefore, any argument that the details of Plaintiff's divorce require a pseudonym in this case are unfounded.  Third, the case relied on by Plaintiff is easily distinguishable as it was a criminal case where the court allowed the defendant to use a pseudonym in the court's opinion where the defendant was serving a long prison sentence and needed protection due to the risk of serious bodily harm by other inmates because he was a government witness and further where his related habeas corpus proceeding had been sealed. *See U.S. v. Doe*, 655 F2d 920, 922, fn. 1 (9th Cir. 1980).

As a final note, Defendant is not opposed to entering into a confidentiality agreement or stipulated protective order with Plaintiff, which should remedy the concern regarding use and disclosure of certain information and/or documents. *See e.g. Doe v. Atchison Hosp. Ass'n*, 2018 WL 324259, at *3 ("Although the court has concluded this is not an exceptional case warranting plaintiff's use of a pseudonym, the court notes that mechanisms are available to plaintiff to address his privacy concerns. As in the typical disability-discrimination case (as well as the vast majority

of other civil cases) filed in this court, a protective order likely can provide the confidentiality plaintiff seeks.")

**WHEREFORE**, for the foregoing reasons, Defendant respectfully request that this Court deny Plaintiff's *Sealed Motion to Appear Pseudonymously* and for such other and further relief as the Court deems just and proper.

Respectfully Submitted

**HINKLE SHANOR LLP**


*/s/ Stephen S. Shanor*
Stephen S. Shanor
Chelsea R. green
P.O. Box 10
Roswell, NM  88202-0010
575-622-6510 / 575-623-9332 Fax
sshanor@hinklelawfirm.com
cgreen@hinklelawfirm.com
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on this March 19, 2021, I caused the foregoing ANSWER along with this Certificate of Service, to be served and filed electronically through the CM/ECF File & Serve electronic filing system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**HINKLE SHANOR LLP**
*/s/ Stephen S. Shanor*