## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

      Plaintiff,

vs.                                    No. CIV 20-1207 JB/JHR

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

      Defendant.

### ORDER[1]

**THIS MATTER** comes before the Court on the Plaintiff's Sealed Motion to Appear Pseudonymously, filed February 19. 2021 (Doc. 7)("Motion"). The Court held a hearing on August 25, 2021. See Clerk's Minutes at 1, filed August 26, 2021 (Doc. 22). The primary issue is whether the Court should permit Plaintiff Jane Doe to proceed pseudonymously as an exception from rule 10 of the Federal Rules of Civil Procedure, because this case involves highly sensitive and personal matters relating to the romantic and sexual relationship between Doe and Professor Ricky Lee Allen, Doe's fear of future retaliation because of the behavior of Defendant Board of Regents of the University of New Mexico's ("Board") and Allen's history of retaliating against Doe. The Court concludes that Doe may not proceed pseudonymously, because the public has an important interest in accessing legal proceedings, and Doe's circumstances, although sensitive and personal, are not sufficiently exceptional to warrant a departure from rule 10's mandate that parties proceed under their real names.

---

[1]This Order disposes of the Plaintiff's Sealed Motion to Appear Pseudonymously, filed February 19. 2021 (Doc. 7). The Court will issue a Memorandum Opinion at a later date fully detailing its rationale for its decision.

Under rule 10(a) of the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a). "Proceeding under a pseudonym in federal court is," therefore, "'an unusual procedure'" and is permitted only in "exceptional circumstances warranting some form of anonymity in judicial proceedings." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000)(quoting M.M. v. Zavaras, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the United States Court of Appeals for the Eleventh Circuit's standard, the United States Court of Appeals for the Tenth Circuit holds:

> "Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough."

Femedeer v. Haun, 227 F.3d at 1246 (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)). When determining whether a party can proceed under a pseudonym, the Tenth Circuit "weigh[s] the public interest," because "the public has an important interest in access to legal proceedings." Femedeer v. Haun, 227 F.3d at 1246.

Doe argues that this case involves matters of a highly sensitive and personal nature, because "this case will have to develop discovery around [her] divorce, which involves third parties not part of this case," and "discovery around the romantic and sexual relationship between Plaintiff and Professor Allen." Motion at 3-4. The Court concludes that this case does not present "exceptional circumstances" warranting a departure from rule 10, Femedeer v. Haun, 227 F.3d at 1246, for four reasons. First, Doe is not a minor -- a status which confers heightened anonymity protections -- and the only cases Doe cites from the Tenth Circuit dealing with "allegations of a sexual nature" involve minors. Plaintiff's Reply in Support of Sealed Motion to Appear Pseudonymously at 1-2, filed April 2, 21 (Doc. 12)("Reply")(citing S.S. as Next Friend of L.S. v. Napolitano, No. 18-2491-CM, 2019 WL 316747, at *2 (D. Kan. Jan. 24, 2019)(O'Hara, J.)("[T]he

fact that L.S. was a minor at all times material to the allegations of the complaint is greatly significant."); M. T. v. Olathe Pub. Sch. USD 233, No. 17-2710-JAR-GEB, 2018 WL 806210, at *2 (D. Kan. February 9, 2018)(Birzer, M.J.)(highlighting that the plaintiff was a minor); Doe v. USD No. 237 Smith Ctr. Sch. Dist., No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017)(James, J.)("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis.")). See also Doe v. Porter, 370 F.3d 558, 561 (6th Cir. 2004)(concluding that the district court did not abuse its discretion in allowing pseudonym where case was "brought on behalf of very young children, to whom we grant a heightened protection"); Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014)(Walton, J.)("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym.").  Second, divorces as a general matter, although personal, are hardly "exceptional circumstances" warranting a pseudonym, Doe cites no cases for the proposition the divorce satisfies rule 10's limited exception, and Doe does not explain with any specificity how her divorce would reveal highly sensitive and personal issues other than alleging that the divorce was acrimonious. Motion at 1-8. See Reply at 1-5. Third, "[c]ourts facing similar actions for sexual assaults or harassment by employers or in university settings have generally required adult plaintiffs to proceed in their own name." Doe H. v. Haskell Indian Nations Univ., 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017)(Marten, J.)(directing the adult plaintiff "to proceed in the present action under her own name" in a Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, action, and citing as an example Doe v. Shakur, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996)(Chin, J.)("First, plaintiff has chosen to bring this lawsuit. . . .  Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. . . .  Third, [the defendant] has been publicly accused. . . .  Finally, the public has a right of access to the

courts.")).  Fourth, the majority of cases that Doe cites are from other Courts of Appeals applying other multi-factor tests, and none of the cases Doe cites have stretched rule 10's exception to include any and all "allegations of a sexual nature."  Motion at 2, 3-4 (citing, for example, United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)(using a pseudonym because the appellant, as "a government witness, . . . faced a risk of serious bodily harm if his role on behalf of the Government were disclosed to other inmates"); E.E.O.C. v. Spoa, LLC, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. October 15, 2013)(Blake, J.)(applying a five-factor test different from the Tenth Circuit's); Roe v. St. Louis Univ., No. 4:08-CV-1474 JCH, 2009 WL 910738, at *4 (E.D. Mo. April 2, 2009)(Hamilton, J.)(listing various factors and noting that "'fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties'")(quoting Doe v. Blue Cross & Blue Shield, 112 F.3d 869, 872 (7th Cir. 1997))).

Fifth, the Board, the University of New Mexico ("UNM"), and Allen already know her identity, and Doe does not explain how pseudonymity will shield her from these parties' "further retaliation."  Motion at 4-8 (arguing that Doe will suffer "further retaliation" from the Board, UNM, and Allen).  See Plaintiff's Complaint And Demand For Jury Trial ¶¶ 112-26, at 13, filed November 18, 2020 (Doc. 1)(alleging that her relationship with Allen was an "open secret," that "University faculty members knew" about the relationship, and that the "Chair of Allen's department received a report that Allen was engaged in a sexual relationship with Plaintiff").  Cf. United States v. Doe, 655 F.2d at 922 n.1 (using a pseudonym, because the appellant, as "a government witness, . . . faced a risk of serious bodily harm if his role on behalf of the Government were disclosed to other inmates").  Sixth, although the Court is sympathetic to Doe' argument that "the disclosure of Plaintiff's name to the public will result in psychological harm," because it will

make her name readily available to the public, Motion at 5, the Court concludes that this factor

alone is insufficient to warrant pseudonymity in a civil matter that Doe brings to vindicate her

interests where "the public has an important interest in access to legal proceedings," Femedeer v.

Haun, 227 F.3d at 1246, and where the Federal Rules of Civil Procedure do not contemplate

parties' anonymity, see Fed. R. Civ. P. 10(a).   Accordingly, Doe's request to proceed under

pseudonym because she brings a case "involv[ing] allegations of a sexual nature," Motion at 2,

asks to Court to extend rule 10's "exceptional circumstances" exception beyond rule 10's language

and beyond what any other court has done, Femedeer v. Haun, 227 F.3d at 1246.  For instance,

even though the Honorable Reggie B. Walton, United States District Judge for the United States

District Court for the District of Columbia, has gone as far as to conclude that "[c]ourts generally

allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault

because they concern highly sensitive and personal subjects," Doe v. Cabrera, 307 F.R.D. 1, 5

(D.D.C. 2014)(Walton, J.), Doe does not cite, nor could the Court unearth, any case extending rule

10(a)'s limited exception to Doe's broad category of "allegations of a sexual nature," Motion at 2.

Accordingly, the Court concludes that this case's allegations do not warrant pseudonymity.

    **IT IS ORDERED** that the Plaintiff's Sealed Motion to Appear Pseudonymously, filed

February 19. 2021 (Doc. 7), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nicholas Thomas Hart
Ramon A. Soto
Harrison & Hart, LLC
Albuquerque, New Mexico

--and--

Harry Jesse Jacobus, III
Freedman, Boyd, Hollander, Goldberg, Urias & Ward, P.A.
Albuquerque, New Mexico

>    *Attorneys for the Plaintiff*

Stephen Shanor
Chelsea Rae Green
Hinkle, Hensley, Shanor & Martin, LLP
Roswell, New Mexico

>    *Attorneys for the Defendant*